UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:15-CR-545 |
| | § | |
| JOSE RENE ALFARO MELENDEZ | § | |

**MEMORANDUM AND ORDER**

Jose Rene Alfaro Melendez pled guilty to illegal re-entry into the United States after being convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). This Court sentenced him to a 30 month term of imprisonment and a $100 special assessment. *See* Judgment (Dkt. No. 27). This case is before the Court on Melendez' motion to vacate, set aside, or correct his sentence (Dkt. No. 31), and the government's motion to dismiss Melendez' motion (Dkt. No. 34). Having carefully considered Melendez' motion, the government's motion, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that the government's motion should be granted, and Melendez' motion should be denied.

**I.    Background**

Melendez was charged in a three count indictment with being a felon in possession of a firearm, being an illegal alien in possession of a firearm, and illegal re-entry into the United States after being convicted of an aggravated felony. The underlying felony was a 2008 conviction for theft in Fort Bend County, Texas. Melendez, a citizen of El Salvador, was previously removed from the United States in 2008 and 2012. Melendez pled guilty to illegal re-entry pursuant to a written plea agreement. Plea Agreement (Dkt. No. 16).

## II. Applicable Legal Standards

Melendez brings this motion under 28 U.S.C. § 2255, which provides for relief "for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The motion contends that Melendez received ineffective assistance of counsel because counsel failed to object to the characterization of his prior felony theft conviction as an aggravated felony. Melendez argues that, under the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), his prior conviction cannot be considered a crime of violence, and that his sentence was therefore improperly enhanced.

## III. Analysis

To prevail on a claim for ineffective assistance of counsel, Petitioner

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to prevail on the first prong of the *Strickland* test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Reasonableness is measured against prevailing professional norms, and must be viewed under the totality of the circumstances. *Id.* at 688. Review of counsel's performance is deferential. *Id.* at 689.

In *Johnson v. United States*, 135 S.Ct. 2551 (2015), the Supreme Court held that a provision of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. The ACCA, 18 U.S.C. § 924(e), provides for enhanced penalties for a defendant convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), if that defendant has three or more

prior convictions "for a violent felony or a serious drug offense, or both . . . ." The statute defines "violent felony" as a crime that

> **(I)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court held that the residual clause of the ACCA, *i.e.*, the clause enhancing penalties for a defendant previously convicted of a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another", is unconstitutionally vague.

Melendez argues that *Johnson* also renders the statute under which he was sentenced, 8 U.S.C. § 1101(a)(43)(F), unconstitutionally vague. That statute defines an aggravated felony as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment is at least one year." He further contends that his counsel rendered ineffective assistance by failing to object to the use of his theft conviction as an aggravated felony in determining his sentence.

Melendez, noting that section 1101(a)(43)(F) references 18 U.S.C. § 16, contends that theft does not necessarily involve the use or threatened use of violence, as required by 18 U.S.C. § 16(a), and that 18 U.S.C. § 16(b) suffers from the same vagueness problem at issue in *Johnson*. Therefore, he argues that it was improper to treat his 2008 theft conviction as an aggravated felony for sentencing purposes.

Melendez' argument ignores the fact that 8 U.S.C. § 1101(a)(43)(G) defines an aggravated felony as "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment is at least one year." Melendez acknowledged that he had a

prior felony conviction for theft for which he was sentenced to one year imprisonment. *See* Plea Agreement at 7. Therefore, he had a prior conviction for an aggravated felony under 8 U.S.C. § 1101(a)(43)(G), a statutory provision that Melendez does not challenge as unconstitutionally vague. Melendez' vagueness challenge thus fails. Moreover, because Melendez was properly sentenced based on a prior conviction for an aggravated felony, counsel was not ineffective for failing to object.

### IV. Conclusion

For the foregoing reasons, Melendez fails to demonstrate that he is entitled to relief. His motion is therefore denied, and the government's motion to dismiss is granted.

### V. Certificate Of Appealability

Melendez has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A defendant may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason,

that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

This Court has carefully reviewed the record in this case. The Court finds that Melendez has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court concludes that Melendez is not entitled to a certificate of appealability.

**VI.    Conclusion And Order**

For the foregoing reasons, it is ORDERED as follows:

A.    The government's motion to dismiss (Dkt. No. 34) is GRANTED;

B.    Jose Rene Alfaro Melendez' motion to vacate, set aside, or correct sentence (Dkt. No. 31) is DENIED; and

C.    No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 1st day of May, 2017.

                                      Kenneth M. Hoyt
                                      United States District Judge